IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUN KYEONG SEONG ) <br> on behalf of himself and all other ) <br> Plaintiff similarly situated known and unknown, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> THE JOONG-ANG DAILY NEWS, INC. and ) <br> HYUN KEE KWON ) <br> ) <br> ) <br> Defendants. ) | Case No. 15-cv-03761 <br><br> Judge |

## COMPLAINT

Plaintiff, EUNGKYEONG SEONG through his attorney, on behalf of himself and all other Plaintiff similarly situated known and unknown, for his Complaint against The JOONG-ANG DAILY NEWS, INC. and HYUN KEE KWON ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff. During the course of his employment by Defendants, despite Plaintiff was working in excess of forty (40) hours per week, Plaintiff was not paid overtime wages properly. Plaintiff further alleges that Defendants' failure to pay the overtime wages is willful and intentional. Plaintiff's Consent Forms to be representative Plaintiff in this collective action under the FLSA are attached hereto as Exhibit A.

### THE PARTIES

2. Plaintiff was at all times relevant hereto employees of Defendants.

3. Plaintiff was at all times relevant hereto individual employed in the State of Illinois by Defendants.

1

4. Plaintiff was at all times relevant hereto resided in the State of Illinois.

5. Plaintiff was at all times relevant hereto non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiff is filing this FLSA claim as individual action for himself.

7. For the period commencing on or about March 2, 2005 until February 28, 2015, Plaintiff EUN KYEONG SEONG regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

8. Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

9. Plaintiff EUN KYEONG SEONG regularly worked more than 40 hours a week and was not paid for overtime hours properly.

10. Plaintiff EUN KYEONG SEONG regularly worked more than 40 hours per week while employed by Defendants.

11. Plaintiff performed manual labor for Defendants.

12. Plaintiff was assigned to the said manual labor work by Defendants.

13. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

14. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

15. Plaintiff was required to report to work for Defendants at a certain time.

16. Plaintiff could not set his own hours of work for Defendants.

17. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

18. Defendant, THE JOONG-ANG DAILY NEWS, Inc. is at all relevant times hereto engaged in the business of Newspaper Industry.

19. Defendant, THE JOONG-ANG DAILY NEWS, Inc. is and was at all relevant times hereto engaged in the interstate commerce.

20. Defendant Hyun Kee Kwon ("Kwon") managed, supervised, established and administered the terms and conditions of Plaintiff EUN KYEONG SEONG's employment from about March 2, 2005 until February 28, 2015.

21. Defendant Kwon participated in and approved of the unlawful pay practices at THE JOONG-ANG DAILY NEWS, Inc.

22. Defendant Kwon was involved in assigning work to Plaintiff.

23. Defendant Kwon had the power and authority to discipline Plaintiff.

24. Defendant Kwon exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

25. Defendant Kwon hired Plaintiff.

26. Defendant Kwon was in charge of paying employees.

27. Defendant Kwon told Plaintiff where to work and when to work.

28. Defendants employed Plaintiff to do work for them in the State of Illinois.

29. Defendants, during all relevant times, were subject to the FLSA due to the nature of its business and revenues earned.

30. Defendants provided the tools and equipment and materials for Plaintiff to do its job with Defendants.

31. Defendants held Plaintiff out as employees.

32.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

33.     Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

34.     No exemption from overtime wages applied to Plaintiff's employment with Defendants.

35.     Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

36.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

37.     No exemption from overtime applies or applied to Plaintiff when he worked or worked more than 40 hours in a workweek for Defendants.

38.     Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

39.     Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

40.     Defendant Hyun Kee Kwon is citizen and resident of Cook County.

**JURISDICTION AND VENUE**

41.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages
## (All Plaintiff)

42.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeat and re-allege each and every allegations set forth in this Complaint as though set forth fully at length herein.

43.     This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

44.     For Plaintiff EUN KYEONG SEONG, for the period commencing on or about March 2, 2005 until February 28, 2015, Plaintiff Seong regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

45.     Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

46.     Throughout Plaintiff's employment, Plaintiff regularly worked more than 40 hours a week and was not paid for overtime hours.

47.     This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

48.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

49.     Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

50.     Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, was entitled to be compensated at a rate of one and one-half times his

regular rate of pay.

51. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

52. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

53. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (All Plaintiff)

54. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

55. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

56. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff

6

brings this action pursuant to 820 ILCS 105/12(a).

57.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

58.     Defendants failed to compensate Plaintiff overtime wages for hours worked in excess of forty (40) in individual work weeks.

59.     Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff overtime wages for hours worked in excess of forty (40) in individual work weeks.

60.     Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

61.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times Plaintiff' hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B.      Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C.      Reasonable attorney's fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

        Respectfully submitted,

Dated: April 29, 2015

                                        /s/ Ryan Kim
                                      Ryan J. Kim

                                    INSEED LAW, P.C.
                                    2454 E Dempster St Suite 301
                                    Des Plaines, IL 60016
                                    Attorney for Plaintiff